## RUPERT B. HUNT *v.* ANNA L. HUNT.

### No. 2300.

SUBMITTED JULY 29, 1936.          DECIDED SEPTEMBER 12, 1936.

### BANKS AND PETERS, JJ.

### OPINION OF THE COURT BY BANKS, J.

By written stipulation of the parties which appears in the record the motion herein decided was submitted for decision to the court with only two of its justices sitting.

Rupert B. Hunt brought suit in the division of domestic relations of the circuit court of the first judicial circuit

for a divorce from his wife, Anna L. Hunt. The wife filed a cross libel. At the conclusion of the hearing the judge granted an absolute divorce to the husband and also granted him the custody of the minor children of the parties and dismissed the cross libel.

It appears from the affidavit of the chief clerk of the circuit court that Mrs. Hunt, within the time provided by statute, filed a notice of appeal from the decree entered by the judge of said court and paid to the clerk all the accrued costs in the suit, and that she also filed the statutory bond for costs and a praecipe for the records and files in the cause.

She now claims that due to lack of funds, or ability to raise them, she is unable to proceed further with her appeal and has therefore filed a motion in this court praying that the libelant-appellee be required to furnish her with enough money to meet her needs in this regard. In support of her motion she presents her own affidavit which discloses that she is in an impecunious condition.

It is contended by the libelant-appellee that the libelee-appellant, being herself the appealing party from a final decree dissolving the bonds of matrimony between herself and her husband, is without legal right to the relief she seeks in the instant proceeding.

More specifically the contention is that the effect of the decree was to release the libelant from all obligation to make financial provision for the libelee. The vice of the contention is that it disregards the libelee's right to have the decree reviewed by this court. This right was seasonably exercised to the extent of her financial ability. The duty of the libelant to furnish her with the necessary means of asserting her rights on appeal was unaffected by the decree of the trial judge. Until that decree is affirmed he cannot escape this obligation. To hold otherwise might result in starving an indigent wife into sub-

mission to a decree that was wholly unrighteous and obviously reversible.

The judicial utterance of a doctrine fraught with such evil consequences would, in our judgment, be bad law. When a husband seeks by the institution of judicial proceedings to free himself from his marital obligations, the law, if the wife be without means to protect her rights in the ensuing litigation, immediately imposes upon the husband the duty to supply her with sufficient funds to enable her to adequately make her defense. This duty continues until the case is finally determined.

The question of whether it is within the jurisdiction of this court to compel the performance of this duty was decided in the affirmative in *Otani* v. *Otani*, 30 Haw. 61. It was there held that the power was derived from section 2935, R. L. 1915 (now R. L. 1935, § 4473). It is true that the court refused in the *Otani* case to exercise the power but for the sole reason that the appellant had, prior to her application to this court for relief, already received the services of counsel in the prosecution of her appeal.

For the foregoing reasons it is our opinion that the libelant should presently pay to the libelee a sum of money sufficient to enable her to perfect her appeal to this court, not, however, including the amount which she has already paid to the chief clerk of the circuit court as the accrued costs in that court, and that he also pay to the libelee at or before the submission of this case to the supreme court, a reasonable attorney's fee to be later determined by this court.

A judgment in conformity with this opinion will be signed upon presentation.